Next case in our call this morning is agenda number four, case number 105953, People of the State of Illinois v. Derrick M. Brooks. Counsel may proceed. Thank you, Your Honor. May it please the Court. I'm Assistant Attorney General Eric Levin on behalf of the people. I think it's important to note at the outset what the precise issue in this case is. The issue at this point is not whether the defendant is entitled to post-conviction relief. The issue is not whether the defendant was wrongfully denied a direct appeal. Those issues will eventually be decided. Indeed, the people concede the defendant is entitled to a remand for second-stage proceedings on his petition. But the issue at this stage, before this Court, is under what legal framework will the lower courts evaluate the defendant's claim? Briefly, if you recall, the essence of the defendant's claim is that following the defendant pled guilty and then was sentenced. The defendant alleged in his post-conviction petition that following sentencing, he contacted his counsel and expressed concerns about the sentence that was imposed. According to the defendant's allegations, counsel effectively abandoned him at that point and told him, you're on your own. These are the defendant's allegations. They have not been considered by any court yet. But the question for this Court... Just a factual question. I thought counsel told him to write a letter to the clerk. Well, yeah. The defendant alleges that his counsel said, I'm done with this. If you want to appeal, write a letter to the court. He did not, on his own, he did not consult with the defendant about, you know, according to the defendant's allegations at this point, which haven't been fleshed out through second stage proceedings, we don't know if there was consultation, if they discussed what... At which point during that conversation did his representation terminate? The counsel's representation at that point had not terminated. The U.S. Supreme Court in Roe... You make no claim here for ineffective assistance of counsel in giving the defendant that advice? Oh, no. Our argument is that that is the proper, that that does state the gist of an ineffective assistance claim, and that that is the proper standard and legal standard for analyzing the defendant's claim, rather than this expansive and unprecedented interpretation of Rule 604D that the appellate court adopted. Our position is that the better approach, the more appropriate approach in this case, is to analyze the defendant's claims under the well-established and familiar standards governing claims and ineffective assistance of counsel, which is precisely what the U.S. Supreme Court did in Roe, what this court later did in Torres, People v. Ross, People v. Edwards. Those were all very similar, those were all cases with very similar allegations, and all cases which the courts then analyzed under the Strickland standard. And so if I can get, getting back to my point, that is what... I thought your brief sort of conceded the validity of the ineffective assistance, what you do. We don't concede that the ineffective assistance claim ultimately has merit. We don't know that yet. We concede that at the first stage, which is all this petition advanced to, that the defendant did present the gist of a claim, and that that's why we asked the court to remand so that the lower courts can then, you know, advance it to the second stage, where counsel will be appointed, he can file an amended petition, the state can respond, and from there the court can determine whether or not an evidentiary hearing is required. At this stage we just don't know yet, because all we have is a pro se petition. What relief are you seeking? Well, we're seeking, we've asked this court to reverse, the appellate court didn't even address the defendant's claim under the ineffective assistance framework. Instead it adopted this very novel and expansive, and as we argue, unprecedented and not textually supported interpretation of Rule 604D. We'd asked the court to reverse that judgment. Well, basically the appellate court said that here, if I can back up just a step, after the defendant was told by counsel just send a letter to the court, he did, according to his allegations, he sent a letter to the court which said, I want to appeal. The court then filed that as a notice of appeal, and then ultimately the appellate court dismissed the appeal. And on appeal, on direct appeal, defendant did make the 604D argument. He argued there that the court should have construed that letter as a motion for reconsideration. And the court there held that, no, this was unambiguously a notice of appeal. Those were the court's words. The court essentially said that nothing in the letter suggested, even remotely, that the defendant intended anything other than a notice of appeal by that letter. So the court rejected the Rule 604D argument and dismissed the appeal. Then the defendant filed the current postconviction petition. It's at this point, when the case again got to the appellate court, that the appellate court essentially disregarded its prior opinion on the direct appeal and held that 604D had been violated. It disregarded, it rejected both OSAD's argument in the Finley motion and the State's argument that the prior opinion was res judicata on the Rule 604D issue, and held that what the court should have done, what the clerk should have done upon receiving that unambiguous letter was forward it to the judge, and that the judge at that point should, first of all, the clerk should not have then complied with his duties under 606A to file a notice of appeal after getting an unambiguous request to do so, but should have then sent the letter to the court, to the trial judge, who at that point shouldn't have considered it as a notice of appeal, or not as a pro se motion, but as some third option, which, again, there's no support in the text of Rule 604D for this, but should have considered it as a request to begin the process of appealing for which counsel should have been appointed. So you're really saying the appellate court got it right, but they got it right for the wrong reason. Correct. The appellate court was right that the trial court erred in summarily dismissing the petition. And they should have a second stage hearing. You're saying you don't like what they said. Correct, and I think it's important because we have, as we say, well-established, familiar, ineffective assistance of counsel standards. Courts have been applying the standard for years. They're familiar with it. It provides the best fit for the defendant's claim. Rather than applying that standard, we now have an appellate court decision expansively interpreting Rule 604D in a way that not only contradicted the prior findings it made on direct appeal, but in a way that has no support in the text of the rule, no support in any of this Court's precedent, and really no support in any other appellate court opinions. I think you did this in your brief, but you're indicating that not only did they come up with the fact that he was entitled to the post-conviction relief, but also came up with this clerk sending the pro se notice of appeal to the trial judge and then the trial judge having to review it. So what you're really about is reverse on the basis of what they came up with as their rationale, remanded for post-conviction proceedings on the ineffective assistance. But could you go into a little bit of the practical import of the ruling with respect to what the appellate court would have the clerk do upon receiving one of these letters? Sure. I think initially it's important to note that it's unclear exactly what the clerk would have to do, and I think that's one of the biggest problems with the appellate court's ruling, is where you had a more appropriate way to do this, an established way to do this. They instead created this somewhat ambiguous procedures, and that's where it's important to note, we agree, we concede that in the cases that the defendant cited, people versus Griffin, people versus Barnes, people versus Gonzalez, where there is an ambiguous communication from the defendant, the court does have to liberally construe that as a pro se motion to reconsider, and then the protections of Rule 604D, the appointment of counsel to file an amended petition, are triggered. In this case, the appellate court went a big step further and held that any request to appeal, so even if, as in this case they held, it was unambiguously a notice of appeal, following proper admonishments, even in that case, the clerk still has to forward the letter to the judge, which first of all is in contradiction to the clerk's duties under Rule 606A, to file a notice of appeal. But even more so, once the letter got to the judge, the appellate court would have the judge not construe it as a notice of appeal, nor as a pro se motion, but as some third option. Essentially what the appellate court is saying is any time following proper admonishments, where the defendant takes an action that is ultimately doomed to failure, the court can't allow that. Those are duties that fall on the defendant's counsel, not on the court. The court's duties under, I believe, People v. Foster and the other cases we cite in our brief, is to properly admonish the defendant of what needs to be done before an appeal can be taken. And again, the defendant conceded on direct appeal that he was properly admonished, and they haven't disputed that here. So they were properly admonished, and that satisfied the court's duties, due process duties, to the defendant before Rule 604D could be applied on direct appeal. I hope I've answered your question. Again, just briefly to follow up on this, the appellate court said that it was actions at the trial court level which deprived the defendant of his direct appeal. The defendant's allegations, though, make clear that his claim is against trial counsel. The allegations, if true, are that trial counsel's actions deprived him of his direct appeal. The court, again, did everything it was required to do under Rule 605B. If I could just briefly, I touch on this in the brief, but just briefly, the defendant also relies on People v. Loftin, an appellate court case, where there we see that it was actions of the trial court. People v. Loftin was the case where, without any prompting from the defendant, such as in this case, a letter saying, I want to appeal, in Loftin, without any prompting from the defendant, the clerk filed a notice of appeal, ultimately depriving the defendant of his ability to appeal because no motion had been filed. So that's a case that's clearly distinguishable. And, as well, People v. Ledbetter is another case they rely on. That, too, was a case where the defendant did file a pro se motion, and then the court, without appointing counsel as required by 604D, simply essentially summarily dismissed or just denied the motion. Again, clearly distinguishable, because here we have the holding from the appellate court on direct appeal, which this court later denied a petition for leave to appeal from, that this was unambiguously a notice of appeal. It could not have been construed in any other way, even liberally construing it. For instance, in People v. Gonzalez and People v. Barnes, we have cases where the letter the defendant sends states facts and puts forth complaints about counsel's performance or about certain things that happened or about why he thinks the sentence can be reconsidered, which then, obviously an inartful motion to reconsider, but liberally construed, it puts the court on notice that the defendant is trying to comply with the rule 604D requirements that he was admonished about under rule 605B. Here we have nothing like that, simply a statement, I want to appeal my sentencing. If the court has no further questions, the people would ask that this court reverse the judgment of the appellate court and remand either to the trial court or the appellate court for consideration of the defendant's claim under the ineffective assistance of counsel standards. Thank you. Colleen Morgan. May it please the court and counsel, my name is Colleen Morgan. I'm from the Office of the State Appellate Defender and I'm representing Mr. Derrick Brooks. The main point that the state seems to be making in this case is that the appellate court has expanded what rule 604D is going to mean for the circuit court and the circuit court clerks. And that's not the case. Right now the trial courts have the duty to protect the fairness of the proceedings and that's all that the appellate court has been asking it to do in this case. Rule 605 tells the trial courts that they have to admonish the defendants that they will get the assistance of counsel to help them prepare and file any kind of post plea motions. But when it gets to the point like it did in this case where the circuit clerk is the one who's making the determination of whether the defendant is getting that sort of assistance of counsel, that's where it becomes a problem. So the appellate court has just stepped back and said, look, we have all of this authority in the lower courts that say if a defendant makes any sort of indication that he wants to appeal, he should be given the assistance of counsel or at least the opportunity to request that counsel. And that's what's happened here. Mr. Brooks filed a letter with the circuit clerk that he made based on advice from his counsel and it indicated that he wanted to appeal. So the appellate court says, well, in cases like those where it's particular that the defendant does want to appeal, it's been a guilty plea situation. And moreover, in cases like this one where he's doing it based on bad advice, that fundamental fairness would require that he should have been appointed counsel to assist him. Are you requesting something different than the state is? A remand? Ultimately, no. No. Mr. Brooks wants a chance to get back to the second stage of the proceedings, be able to have counsel assist him in making his post conviction petition and presenting that to the court. Although this case came up to the appellate court on your motion to withdraw as counsel. Yes. Well, not mine particularly. But at the same time, the reasoning of the appellate court is sound and it's something that benefits defendants. And it goes exactly hand in hand with the reasoning behind making Rule 604D and 605. And so it should be something that should be upheld. It's not something that should just be the reasoning, I think, is basically correct. Ms. Morgan, doesn't Rule 604D speak in terms of the right to counsel after the post plea motion is filed? Well, there's two ways that we have to look at that. It does say Rule 604D, if looked at by itself, says that a motion is filed and should be promptly given to the court. And then if then the trial court needs to make a determination whether the defendant is represented by counsel. And so it doesn't say after, it says then. But 604D is also meant to work with Rule 605. And 605 very clearly tells a defendant that he will be given assistance of counsel to assist him in preparing the motion. So to say that 604D precludes a defendant from getting the appointment of counsel until after he's filed a motion in the state's argument, one that's legally sufficient, is kind of counterintuitive when he's told. He's told, not just that Rule says, but he is affirmatively told by the trial court that he's going to get help in filing that motion in the first place. But the appellate court did craft a procedure, didn't they, that would require trial courts to treat pro se letters not as notices of appeal, but as a request to begin the process of perfecting an appeal? Well, you know, it's not, there's, what they said in this case, that it was a request to begin the notice of appeal, the appeal process. And I think, I don't think the court was saying that any kind of letter referencing a notice of appeal at any point should be just considered, should be automatically sent to the trial judge. Conceivably, and what happens probably in the majority of cases, when the defendants are asking to file a notice of appeal, they're filing the form motions. They're filling in the blanks. And those things, when the circuit clerk gets them, I don't think there's going to be any question that that's what it's supposed to be. It's supposed to be a notice of appeal. But in cases like this one, when there's a little bit of ambiguity as to what he's wanting, considering that it's a guilty plea, if he's saying, I want to appeal my sentencing, and particularly in this case where he's doing that based on counsel's bad advice, then in situations like those, the circuit clerk shouldn't be the one who's making the determination, is this the point at which he's entitled to counsel? That should be something that the trial court should determine. The appellate court says in its decision that the letter was filed on August 12th, that was the notice of appeal, and your office was notified, maybe not you, and on August 21, you acknowledged his appointment by letter. So the office of state appellate defender was appointed within eight or nine days. Is that correct? Yes, I'm assuming. So he did give counsel in this case. Well, he didn't have counsel to help him in preparing his motion to preserve his appellate rights. That's the distinction. He needed somebody to help him put into words, or at least if nothing else, write the words motion to correct sentence or motion to withdraw plea if that was what he wanted, because those are the things that were missing in the proper allegations and the basis for what we would be appealing for him later after we were appointed. So conceivably, yes, if our appointment, if we had gone back, I suppose, that quickly and had the record, which the record never gets prepared that quickly, but assuming it had, then I suppose the duty would have somehow transferred over to OSAD and we would have had the duty to properly prepare the motion. How about the pragmatic aspect of this that was raised by the state in their brief, namely that if we go with the analysis of the appellate court, this letter notice of appeal, but obviously a notice of appeal, it could be construed obviously as a notice of appeal as filed with the clerk and then the clerk doesn't know whether or not a motion to reconsider the sentence has been filed or not, so they end up shipping this off to the trial judge to make a further assessment. I think their argument is a lot of the ministerial duties of the clerk are now put off to a judge that has a number of things on his docket and one more thing that he has to determine rather than putting the onus on the communication between the defendant and the attorney. Well, I think that's a valid concern, but I also think it has no merit. I think practically trial courts deal with this sort of thing every day. I mean, it's their job to adhere to the Supreme Court rules. It's their job to consider pro se correspondence and filings and evaluate those and determine what needs to be done, and it's their job to make sure that counsel is appointed when counsel needs to be appointed. That's already their job. It's part of their job and their duty of ensuring that the proceedings are fair, and so in a case like this, I don't think that you can say that because... But most of that is done right before them at the time, right? Not something sent at a later date, 30 who knows how many days after the actual cases come before the court. Well, the proceedings, I mean, 30 days is the length of time that the defendant has to file this motion, and I don't think it's unreasonable to say that 30 days out from a guilty plea or a sentencing that the court should still be aware of its docket or be aware of what things are being filed or what it needs to do if a defendant in that space of time wants counsel appointed. I think they would be doing that all through the proceedings and assuming that counsel has been already appointed. Part of the problem with the way the language in 604D is worded is in cases like this one, 604D seems to be as though it's really working for the cases where you have not appointed counsel, but counsel who's been retained, and then typically after a guilty plea, they won't continue to... How does Flores or Ortega impact your argument? It doesn't. Counsel generally has a constitutional duty to consult with the defendant about an appeal if either of the two prongs of Flores or Ortega are satisfied when there's been a guilty plea. That's what I meant before when I said the onus on the defendant and counsel to sort this out rather than some letter going to the clerk. Well, I'll respond to that in two ways. Basically, first, the Flores or Ortega doesn't really apply in this case because that's considering when is there a duty to consult. And in this case, because it's a post-conviction petition, we have to take the allegations that are true. So Mr. Brooks has said in his petition that he did consult with counsel and counsel told him to file the letter. So there's really no question of should counsel have consulted with him, we have to assume that he did and that he gave bad advice. So we just base our analysis then on Strickland, which is did he make an error and that was giving bad advice. And in the second case, he was prejudiced because he lost his appeal. I think you said that not all pro se inquiries to the clerk need to be directed to the trial court. Is that correct? That's correct. I think some instances of the notice of appeal be very obvious what it is. And the appellate court in this case was not saying that very obvious notice of appeal should be directed to the trial court. I think if somebody's writing on the notice of appeal or writing a letter even that says, dear clerk, I want you to file my notice of appeal, that's distinct from the case that we have here. There's not that sense of ambiguity. In your brief, you talk about questionable communication, I think. How would you define that? Something like the case here, this is probably one that's on the spectrum of questionable communication. This one's probably not going to be very questionable. But at the same time, cases like this one where it's guilty plea. So we know that some sort of motion should have been filed before the appeal. And where he's saying in this case, I want to appeal my sentencing, not just I want to appeal. He's not saying I want you to file my notice of appeal or this is a notice of appeal. He's saying I want to appeal my sentencing. So cases like that, it might be a bit questionable. And certainly I think here, I mean, I know the state references the first appeal where the same panel of justices said that, you know, this was just a request to appeal. Clearly in this case, they've thought something different. They've thought something that it's requesting to begin the appellate process, that it's a little bit more. So if the three people who know the law can look at the same letter differently and find it questionable in one case and not then I think that would be the definition of questionable communication. If you don't know for certain that it is a notice of appeal, like in this case. But if the defendant filed this, the same kind of a communication in a case where it was a trial, then the clerk should file it as a notice of appeal? No, I think in that case, it would still be wanting to appeal the process because after a trial, too, you can file a motion to reconsider your sentence. So it might be questionable, is he wanting to file a motion to reconsider his sentence? And certainly after a trial, it's a little bit more of an issue of where is counsel? Why is counsel not doing this for him? Counsel is still representing, you know, 30 days after a trial, you would assume, still representing the defendant. So why is counsel not being directed or questioned or at least given a copy of the defendant's correspondence to find out what is going on in that case? I think a clerk should find that questionable. Does the timeliness of filing a notice of appeal become a factor to consider as well? Oh, absolutely. And certainly preserving the issues for appeal, depending on what type of... what issues? Well, the defendant, if he's not given the counsel... The defendant writes a letter to the clerk. Well, it's not the clerk's decision, certainly, to determine what he should be able to raise. That's why it should get booted back. If, like we're saying, it's questionable, it should get booted back to the trial judge, who at that point... Does the trial judge then have to consider whether or not the time for filing the notice of appeal is about to run? Well, I don't think that should be an issue, because if the motion is filed, that would told the period for the notice of appeal to have to be filed anyway. Because until all post-plea or post-trial motions have been heard, the notice of appeal can't be filed. I'm not sure everybody agrees with me. I would think, if nothing else, that 30 days, since the motion has to be filed within the 30 days, that that should be long enough. I guess my point is, and I think we're all struggling with this, what are the ramifications of our ruling in a case like this? And that's why I think this court shouldn't be worried that it's going to have a lot of ramifications, that practically it's not going to affect that many different defendants in that many situations. I mean, for instance, this is the first time that it's come before this court to consider what does Rule 604D mean in terms of when does counsel start, when is counsel appointed, what is the duty of the trial court to appoint counsel? And 604D has been around for a while, and if this was a case that popped up a lot of times, I think we would have been hearing about it before. And practically, for the most part, counsel is going to be filing the motions, the notice of appeals, just routinely, or the clerk will be doing it based on the representations in open court. So I don't think it's going to be, and it's not a huge burden to place on the few instances where it will come up, it's not a huge burden to place on the trial court. But what we will have, and that's why we are considered with the future effects of this, I mean, as I'm sitting here, I can think of the letter being sent to the clerk, and then it doesn't get on the docket in time, and then whether that really is a notice of appeal, or whether he still has the right to file his motion to reconsider sentence, because the time is run. Those type of issues we haven't seen, because we haven't had a decision out of the appellate court that if you prevail in this case, it will be a decision out of the Supreme Court that could give rise to a lot of other practical considerations, couldn't it? I see what you're saying, but at the same time, this case is already here. And this case is here because we don't have a procedure to make this work, where if this had got sent back to the trial court, as the appellate court says in its order, it may not have been considered as a motion to reconsider sentence. The trial court might have looked at it at that point and said, you know what, that's not what it is. But if it's taken care of it then, had appointed counsel, it could have all been dealt with in the trial court. It wouldn't be at this point. So I guess the appellate court's order is going to, in my view, clear up more of those kind of problems. Then it's going to make more problems like the one that we already have today. Wasn't there a finding by the appellate court that it was unambiguously a notice of appeal? And then the first decision, yes. And the second one, the same three justices said that it was an indication that the defendant wanted to begin the appellate process. But certainly this case is different, too, because we have the allegations from Mr. Brooks saying, the reason I filed the letter is because counsel told me to. Which, of course, we couldn't have had in the direct appeal because it was outside the record. So the way that the court was considering it was also different. At the very least, you want to remand on the ineffective assistance of counsel. So that Mr. Brooks can go back and have assistance of counsel to help him in drafting his post-conviction petition. Thank you. I think the key factor here is that we just don't know what the ramifications of the appellate courts newly crafted procedure will be. And in a case like this where we don't know how it will affect future cases, we don't know how it will play out with all these different intricacies, and we have the ineffective assistance of counsel remedy, which defendant concedes is adequate, will provide him with all the relief he requests if his allegations are true, there's just no reason to muddy up the law on Rule 604D when we don't have to. Opposing counsel mentioned that Rule 604D has been around a long time, and I think that actually cuts in our favor because it's been around a long time, and yet we've never had an interpretation of it like we just got from the appellate court, which I think shows how novel and unprecedented that interpretation was. If I could just quickly address a few of the questions that Your Honors had for my opposing counsel. If I could address Justice Carmier's question about appellate counsel was quickly appointed. I think the importance of that is that I believe it's Rule 606B, even after the notice of appeal was filed, a proper Rule 604D motion could have been filed. Defendant himself, upon seeing that his letter had been interpreted as a notice of appeal, could have said, whoa, that's not what I intended, and he could have filed a motion to reconsider. Trial counsel could have, and perhaps even appellate counsel who was appointed quickly could have. But again, it goes back to the fact that it was not the trial court, and filing the motion then would have automatically withdrawn the notice of appeal, if it had been filed within that 30 days. I believe that's Rule 606B. So again, it was not the trial court's actions which caused the defendant his injury in this case. Opposing counsel mentioned that it's the trial court's duty to ensure the fairness of the proceedings, and that's true, but this Court has held that the Rule 605B admonishments were specifically crafted to ensure the fairness of the proceedings. So we do have very strict waiver requirements under Rule 604D, and to ensure that due process is protected, we have the Rule 605B admonishments, which were properly delivered in this case. Again, just quickly getting back to the appellate court's procedures, these could be burdensome. They could have unintended effects on, you know, can a notice of appeal still be filed? What's the time limits? Things that we just don't know. And essentially what it would require is that after the defendant is properly admonished, all the parties are then, and then he files an unambiguous notice of appeal. Indeed, the appellate court set any request to appeal, which would mean even if the defendant filled out a preprinted notice of appeal form, so even more unambiguous than this, if that's possible, even in those cases it could not be filed as a notice of appeal. The parties would have to be brought back into court, and essentially the judge would have to re-admonish the defendant of the Rule 604D requirements, even after he'd already been properly admonished. Again, there's just simply no reason to have to get into these potential problems that we just don't know how they'll play out when the ineffective assistance of counsel remedy is available. And so, again, we would ask that the court reverse the appellate court's judgment and remand for further proceedings on the ineffective assistance of counsel claim. Thank you, counsel.